**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01965-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

JERRY CIARCIA,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES**

---

    Applicant, Jerry Ciarcia, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary. He has submitted a letter and the $5.00 filing fee for a habeas corpus action.  He has failed to submit either an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

    It is unclear whether Mr. Ciarcia is challenging the execution or the validity of his DOC sentence.  "Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."  See *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Accordingly, to the extent Mr. Ciarcia intends to challenge the execution of his state court sentence, his remedy is an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241.  To the extent he intends to challenge the validity of his state court sentence, his remedy is a Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted documents are deficient as described in this order. Applicant will be directed to cure the following if he wishes to pursue his claims.  Any papers that the Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) ___ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ___ is missing certificate showing current balance in prison account (account statement must be certified)
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) ___ is not on proper form (must use the court's current form)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) ___ other:

**Complaint, Petition or Application**:
(10) _X_ is not submitted
(11) ___ is not on proper form (must use the court's current form)
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ names in caption do not match names in text
(16) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) ___ other:

Accordingly, it is

ORDERED that the Applicant cure the deficiency designated above **within thirty**

**(30) days from the date of this order**. Any papers which the Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the Applicant shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 or Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that Applicant should not submit both a § 2241 and a § 2254 application in the same action, but rather only submit the application that is appropriate depending upon whether he is challenging the execution (§ 2241) or validity (§ 2254) of his conviction and/or sentence. It is

FURTHER ORDERED that, if the Applicant fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED August 2, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge