**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Robert E. Blackburn**

Civil Action No. 12-cv-01965-REB-CBS

JERRY G. CIARCIA,

Applicant,

v.

TRAVIS TRANNI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Jerry G. Ciarcia, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Ciarcia has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5)[1] challenging the validity of his convictions in the District Court, El Paso County, Colorado, case number 04CR5098. He has paid the $5.00 filing fee. For the reasons stated below, the application will be denied in part.

On August 8, 2012, the Honorable Boyd N. Boland, a United States magistrate judge for the District of Colorado, ordered Respondents to file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. §

[1] "(ECF No. 5)" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). The Court will use this convention throughout this order.

2254(b)(1)(A). On August 30, 2012, because the August 8 order was not served on Respondents, Magistrate Judge Boland entered a second order for a pre-answer response. On September 17, 2012, Respondents filed their pre-answer response (ECF No. 11). Although he was afforded the opportunity to do so, Mr. Ciarcia did not file a reply.

The Court must construe liberally Mr. Ciarcia's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

On January 22, 2007, a jury convicted Mr. Ciarcia in District Court, El Paso County Case No. 04CR5098 on four counts of sexual assault, each enhanced by a crime-of-violence finding, as well as on lesser offenses not at issue here. (ECF No. 11, ex. A (state court register) at 13-14). On April 23, 2007, the trial court sentenced him to an indeterminate term of twenty years to life on each sexual-assault count. (ECF No. 11, ex. A at 11). He appealed directly to the Colorado Court of Appeals, which on November 18, 2010, affirmed. (ECF No. 11, ex. D (*People v. Ciarcia*, No. 07CA1077 (Colo. Ct. App. Nov. 18, 2010))). On April 18, 2011, certiorari review was denied. (ECF No. 11, ex. B).

On August 23, 2011, Mr. Ciarcia filed a motion for sentence reconsideration pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which motion the trial court denied on September 6, 2011. (ECF No. 11, ex. A at 10). Mr. Ciarcia did not appeal.

On August 3, 2012, Mr. Ciarcia filed the instant habeas corpus application with

this Court. Respondents concede that the instant action is filed within the one-year limitation period required under 28 U.S.C. § 2244(d). Thus, the application is timely.

Mr. Ciarcia asserts three claims:

> 1. That admission of two other sexual assaults under Colo. R. Evid. (CRE) 404(b) violated due process. (ECF No. 5 (application) at 5-11);
>
> 2. That the admission of out-of-court statements by the victim to other witnesses violated due process. (ECF No. 5 at 12-14); and
>
> 3. That admission of two uncharged assaults violated his due process right to a fair trial. (ECF No. 5 at 12, 15).

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at

278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents concede that Mr. Ciarcia satisfied the exhaustion requirement as to claims one and two because he presented these claims as federal constitutional issues to the Colorado Court of Appeals through his direct appeal. They further concede that to the extent claim three is a more specific restatement of claim one and, to the extent claim three is included within claim one, then to that extent claim three is exhausted. Finally, Respondents contend that, to the extent claim three argues for a particular interpretation of CRE 404(b), this Court lacks jurisdiction to entertain it. The Court will discuss each claim in turn.

Claim One

As his first claim, Mr. Ciarcia asserts that the admission of evidence of two other sexual assaults under CRE 404(b) violated due process. (ECF No. 5 at 5-11). Here, Mr. Ciarcia's opening brief on appeal (ECF No. 11, ex. F) argued that the assaults were inadmissible under Colorado's rules of evidence, *id.* at 18-27, and as part of that argument, he asserted that admission of evidence of the assaults violated his due

process rights under the Fifth and Fourteenth amendments. (ECF No. 11, ex. F at 14, 27, and 30). Therefore, claim one is available for habeas corpus review.

Claim Two

The Court agrees with Respondents that Mr. Ciarcia exhausted his second claim that the admission of out-of-court statements by the victim to other witnesses violated due process. Although Mr. Ciarcia argued in his appellate brief that the victim's statements to other witnesses were hearsay and inadmissible under Colorado's rules of evidence and were out-of-court statements that, under Colorado case law, could not be used to bolster the trial testimony of witnesses (ECF No. 11, ex. F at 36), he also asserted that admission of the victim's out-of-court statements violated his due process rights under the Fifth and Fourteenth amendments. *Id.* at 30-31, and 37. Thus, Claim two is available for habeas corpus review.

Claim Three

As his third claim, Mr. Ciarcia argues that admission of evidence of two uncharged assaults violated his due process right to a fair trial. Respondents contend the only difference between claims one and three is that claim three is more specific by arguing that it was trial court error to admit the uncharged assaults because they were not shown to be "part of a larger plan directly relating to the current case" or part of an "overarching plan explicitly conceived and executed by the defendant or his confederates." (ECF No. 5 at 15).

To the extent claim three restates Mr. Ciarcia's first claim that due process was violated, claim three is exhausted. To the extent claim three, as in claim one, simply argues that the assaults were inadmissible under Colorado's rules of evidence –

specifically CRE 404(b) – the Court lacks jurisdiction to entertain it. A federal habeas court is limited to deciding whether a conviction violated "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas courts have no jurisdiction to decide that a particular state sentence is consistent with state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982). Therefore, the argument that the state trial court violated Colorado's rules of evidence is not properly asserted in a habeas corpus action and, thus, that portion of claim three will be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That the extent claim three argues a state-law question, i.e., whether the state trial court violated Colorado's rules of evidence, the claim is not cognizable in a habeas corpus action, and is dismissed;

2. That by March 13, 2013, Respondents shall file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims one, two, and three; and

3. That within thirty (30) days of the filing of the answer, Applicant may file a reply.

DATED at Denver, Colorado, February 11, 2013.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge