IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Raymond P. Moore

Civil Action No. 12-cv-01965-RM

JERRY G. CIARCIA,

    Applicant,

v.

TRAVIS TRANNI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER DENYING 28 U.S.C. § 2254 APPLICATION**

    Applicant, Jerry G. Ciarcia, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  *See* ECF No. 28.

    On August 3, 2012, Mr. Ciarcia filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5) challenging the validity of his convictions in El Paso County, Colorado, district court case number 04CR5098.  He has paid the $5.00 filing fee.  *See* ECF No. 1.  After reviewing the record, including the habeas corpus application, the answer, and the state court record, the Court concludes that the application should be denied and the case dismissed with prejudice.

    I.  <u>Federal Habeas Corpus Proceedings</u>

    On August 8, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to

file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 30, 2012, because the August 8 order inadvertently was not served on Respondents, Magistrate Judge Boland entered a second order for a pre-answer response. On September 17, 2012, Respondents filed their pre-answer response (ECF No. 11). Mr. Ciarcia did not file a reply, although he was afforded the opportunity to do so.

On February 11, 2013, the Court entered an order (ECF No. 16) denying the application in part. Specifically, claim three – to the extent it argued the state trial court violated the Colorado rules of evidence by admitting two uncharged assaults – was dismissed as not cognizable in a habeas corpus action. In the February 11 order, as amended by the minute order of February 12, 2013 (ECF No. 17), the Court also directed Respondents to file within thirty days after the filing of the state court record an answer that fully addressed the merits of exhausted claims one, two, and three. On March 11, 2013, Respondents filed their answer (ECF No. 19). Claims one, two, and three remain pending. In separate orders, the Court directed Respondents to provide the state court record, which was filed on September 17, 2013. See ECF No. 26.

## II. State Court Proceedings

On January 22, 2007, a jury convicted Mr. Ciarcia in El Paso County District Court Case No. 04CR5098 on four counts of sexual assault, each enhanced by a crime-of-violence finding, as well as on lesser offenses not at issue here. ECF No. 11, ex. A

(state court register) at 13-14; ex. D (*People v. Ciarcia*, No. 07CA1077 (Colo. Ct. App. Nov. 18, 2010)) at 3.  On April 23, 2007, the trial court sentenced him to an indeterminate term of twenty years to life for each sexual-assault count.  ECF No. 11, ex. A at 11; ex. D. at 10-11.  He appealed directly to the Colorado Court of Appeals, which on November 18, 2010, affirmed.  ECF No. 11, ex. D.  On April 18, 2011, certiorari review was denied.  ECF  No. 11, ex. B.

On August 23, 2011, Mr. Ciarcia filed a motion for sentence reconsideration pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on September 6, 2011.  ECF No. 11, ex. A at 10.   Mr. Ciarcia did not appeal.

### III.  Analysis

#### A.  Standard of Review on the Merits

The Court must construe liberally Mr. Ciarcia's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. Ciarcia bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 784-85. In other words, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id*.

Although *Richter* concerned a state-court order that did not address any of the defendant's claims, its presumption is applicable when a state-court opinion addresses some but not all of those claims. *Johnson v. Williams*, 133 S. Ct. 1088, 1094-98 (2013). For purposes of § 2254(d), when a state court rules against a defendant in an opinion that rejects some of the defendant's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Id.* at 1094-96. Federal habeas courts should not

4

assume that any unaddressed federal claim simply was overlooked because a state court does not uniformly discuss separately every claim referenced by a defendant. *Id.*

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Ciarcia seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that]

5

> precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. In addition,

> evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Richter*, 131 S. Ct. at 786 (citation and internal quotation marks omitted). In conducting

6

this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 131 S. Ct. at 786 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. 786-87.

The Court reviews claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Ciarcia bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by

definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### B. Claims

The Court now will address the merits of Mr. Ciarcia's exhausted and remaining claims. Retaining the numbering in the application, the claims are:

> 1. Admission of two other sexual assaults under Colo. R. Evid. 404(b) violated due process. ECF No. 5 (habeas corpus application) at 5-11.
>
> 2. The admission of out-of-court statements by the victim to other witnesses violated due process. ECF No. 5 at 12-14.
>
> 3. Admission of two uncharged assaults violated his due process right to a fair trial. ECF No. 5 at 12, 15.

### Claims One and Three

First, the Court will address Mr. Ciarcia's first and third due process claims, which Respondents discuss together in their answer because of the claims' similarity. Construed together, Mr. Ciarcia alleges that the admission of two unrelated and uncharged sexual assaults involving Applicant's ex-girlfriends violated his due process right to a fair trial.

The admission of evidence violates due process only when it denies a defendant fundamental fairness. *Payne v. Tennessee*, 501 U.S. 808, 825 (1991) (evidence

violates due process only when it is so unduly prejudicial that it renders a trial fundamentally unfair). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States*, 493 U.S. 342, 352 (1990). Furthermore, "because a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must tread gingerly and exercise considerable self-restraint." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotation marks omitted). The Court's "[i]nquiry into fundamental fairness requires examination of the entire proceedings." *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (per curiam).

In *Estelle v. McGuire*, 502 U.S. 62 (1991), the Supreme Court specifically declined to hold that the admission of prior-injury evidence violated due process, thus warranting habeas relief. *See id.* at 75. The Supreme Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of "'prior crimes'" evidence to show propensity to commit a charged crime. *Id.* at n.5; *see also Spencer v. Texas*, 385 U.S. 554, 563-64 (1967) (rejecting the argument that the Due Process Clause requires the exclusion of prejudicial evidence, even though limiting instructions were given and a valid state purpose is served, and recognizing that the Supreme Court is not "a rule-making organ for the promulgation of state rules of criminal procedure" and that "none of the specific provisions of the Constitution ordains this Court with such authority.").

Because there is no clearly established Supreme Court precedent holding that a state violates due process by permitting propensity evidence in the form of other bad-acts evidence, *see Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), the

admission of prior bad-acts evidence cannot be contrary to clearly established Supreme Court precedent. *Rath v. Attorney General of Colorado*, No. 06-cv-00419-WYD, 2008 WL 1930633, at *6 (D. Colo. 2008), *appeal dismissed*, 290 Fed. App'x 185 (10th Cir. 2008). The Court finds the same logic applies in the instant action where the other-acts evidence is based upon subsequent bad-acts evidence.

Mr. Ciarcia can prevail only if the trial court's admission of the other-acts evidence rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights. *See Estelle*, 502 U.S. at 68; *see also Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001). A federal habeas court "will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denied defendant due process of law." *Hopkinson v. Shillinger*, 866 F.2d 1185, 1197 (10th Cir. 1989), *overruled on other grounds by Sawyer v. Smith*, 497 U.S. 227 (1990).

The Colorado Court of Appeals upheld the admission of the uncharged assaults under state evidentiary rules and an accompanying four-part test pursuant to *People v. Spoto*, 795 P.2d 1314, 1318-19 (Colo. 1990), that assesses whether:

> (1) the proffered evidence relates to a material fact; (2) the evidence is logically relevant; (3) the evidence's logical relevance is independent of the intermediate inference regarding defendant's propensity to commit the alleged crime; and (4) the evidence's probative value is not substantially outweighed by the danger of unfair prejudice.

ECF No. 11, ex. D at 22.

The Colorado Court of Appeal discussed in great detail the other-acts evidence introduced by the prosecution involving Mr. Ciarcia's subsequent ex-girlfriends, referred to as J. T. and J. G.  *See* ECF No. 11, ex. D at 22-26; *see also* ECF No. 26, trial tr., 846-882/pdf 222-258, Jan. 12, 2007 (J. T.'s testimony); ECF No. 26, trial tr., 900-910/pdf 5-15, Jan. 17, 2007 (J. G.'s testimony).  The state appeals court noted that, prior to both J. T. and J. G.'s testimony, the trial court provided a limiting instruction that their testimony "was to be used only to show defendant's 'method of operation, common plan or scheme, or intent'" and "'for no other purpose,'" ECF No. 11, ex. D at 26, *see also* ECF No. 26, trial tr. 846/pdf 222, Jan. 12, 2007, and the jury received similar written instructions at the trial's conclusion regarding the ex-girlfriends' testimony.  ECF No. 11, ex. D at 26; *see also* ECF No. 26, trial tr., 948/pdf 53, Jan. 17, 2007; ECF No. 26, court file.pdf, instruction nos. 11 and 12, 187-188.  The record also shows that the same limiting instruction was given before the victim, K. G., testified.  *See* ECF No. 26, trial tr. 281/pdf 121, Jan. 10, 2007.

The Colorado Court of Appeals determined the trial court evidence showed that on multiple occasions, Mr. Ciarcia physically attacked women with whom he had an intimate relationship in "angry, violent outbursts" after the women rejected him, ECF No. 11, ex. D at 26-27, and concluded that the trial court properly admitted the ex-girlfriends' testimony as evidence of Mr. Ciarcia's modus operandi and did not abuse its discretion in concluding that the four *Spoto* elements were met.  ECF No. 11, ex. D at 27-28.

The appeals court also determined that the other-acts evidence concerned a material fact at issue, i.e., whether Mr. Ciarcia sexually assaulted the victim, K. G., or she fabricated the allegations, ECF No. 11, ex. D at 28-30, and that J. T. and J. G.'s

testimony was relevant to establish Mr. Ciarcia's pattern of behavior in romantic relationships by showing that he became increasingly possessive, controlling, and jealous, and engaged in a pattern of acting violently with other women when they terminated their relationships or frustrated his sexual desires. ECF No. 11, ex. D at 30-32.

The state appeals court then balanced this probative value against the danger of unfair prejudice and concluded that because all three women's testimony "shared several significant characteristics that evidenced a behavioral pattern rather than isolated incidents," ECF No. 11, ex. D at 34, the probative value of the evidence was not outweighed substantially by the danger of unfair prejudice. ECF No. 11, ex. D at 33-37.

As previously stated, for purposes of § 2254(d), when a state court rules against a defendant in an opinion that rejects some of the defendant's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson*, 133 S. Ct. at 1094-96. Federal habeas courts should not assume that any unaddressed federal claim simply was overlooked because a state court does not uniformly discuss separately every claim referenced by a defendant. *Id.* Therefore, the Court must presume, subject to rebuttal, that the federal due process claim was adjudicated on the merits.

It is clear from the state record that the trial court instructed the jury to consider the other-acts evidence only for the specified, limited purpose of showing a common plan, scheme or design, modus operandi, motive, or intent, and for no other purpose. The Court does not find that the probative value of the prior-acts evidence was outweighed substantially by any unfair prejudice. Having decided as such, the Court

does not find that having the jury consider the other-acts evidence for a limited, specified purpose rendered the trial as a whole fundamentally unfair as to constitute a denial of federal constitutional rights. Therefore, this Court finds that the state court's decision was not contrary to clearly established federal law.

### Claim Two

Next the Court will discuss Mr. Ciarcia's second claim that the admission of out-of-court statements by the victim, K. G., to other witnesses violated his due process rights under the Fifth and Fourteenth amendments. Specifically, Mr. Ciarcia argues the prosecution evidence that the victim made statements about the sexual assault to her mother, the sexual assault nurse examiner, and responding officer violated due process.

As stated in the above discussion of claims one and three, the admission of evidence violates due process only when it denies a defendant fundamental fairness. *Payne*, 501 U.S. at 825. The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling*, 493 U.S. at 352. Furthermore, "because a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must tread gingerly and exercise considerable self-restraint." *Duckett*, 306 F.3d at 999 (internal quotation marks omitted). The Court's "[i]nquiry into fundamental fairness requires examination of the entire proceedings." *Le*, 311 F.3d at 1013.

The Colorado Court of Appeals found that the trial court did not error by admitting testimony concerning the victim's statements to her mother (ECF No. 26, trial tr., 470-474/pdf. 104-108, Jan. 11, 2007), the sexual assault nurse examiner (ECF No. 26, trial

tr., 502-506 /pdf. 136-140, Jan. 11. 2007), and responding officer Mark Peterson (ECF No. 26, trial tr., 651-669, 674-678/pdf. 27-45, 50-54, Jan. 12, 2007) because the statements were consistent with the victim's testimony and were offered to rebut Mr. Ciarcia's theory of defense that the victim fabricated the allegations against him. ECF No. 11, ex. D at 19. Accordingly, the state appeals court found that the statements, which were consistent with the victim's testimony, were relevant, their probative value substantially outweighed the danger of unfair prejudice, and the statements properly were admitted under state evidentiary rules. *Id.*

Again, for purposes of § 2254(d), when a state court rules against a defendant in an opinion that rejects some of the defendant's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson*, 133 S. Ct. at 1094-96. Federal habeas courts should not assume that any unaddressed federal claim simply was overlooked because a state court does not uniformly discuss separately every claim referenced by a defendant. *Id.* Therefore, the Court must presume, subject to rebuttal, that the federal due process claim was adjudicated on the merits.

It is clear from the state court record that the victim's out-of-court statements – recounted by her mother, the sexual assault nurse examiner, and the responding officer – generally were consistent with her trial testimony. Her mother testified to the victim's phone call to her following the incident. ECF No. 11, ex. D at 11-12; *see also* ECF No. 26, trial tr., 471-473/pdf. 105-107, Jan. 11, 2007). The sexual assault nurse examiner read the victim's description of the sexual assaults from the history obtained during her examination. ECF No. 11, ex. D at 12; *see also* ECF No. 26, trial tr., 504-506/pdf. 138-

140, Jan. 11. 2007.  The officer dispatched to the victim's home to investigate the case testified the victim told him Mr. Ciarcia sexually assaulted her four times during a six-hour period.  ECF No. 11, ex. D at 12; *see also* ECF No. 26, trial tr., 657/pdf. 33, Jan. 12, 2007).  He further testified that the victim told him Mr. Ciarcia came to her home to discuss a car payment, attempted to re-establish their relationship, and repeatedly sexually assaulted her when she refused to do so, taping her wrists and ankles together, keeping her in the master bedroom closet, and forcing her to take baths to eliminate evidence.  ECF No. 11, ex. D at 12; *see also* ECF No. 26, trial tr. 657-658/pdf. 33-34, Jan. 12, 2007).

These statements were consistent with the victim's testimony at trial, where she was subject to cross-examination, and were offered to counter Mr. Ciarcia's attack on her credibility and his defense that he did not sexually assault the victim or commit any of the other charged crimes.  For these reasons, the Court does not find that the probative value of the statements was outweighed substantially by any unfair prejudice.  Having decided as such, the Court does not find that having the jury consider the out-of-court statements rendered the trial as a whole fundamentally unfair as to constitute a denial of federal constitutional rights.  Therefore, this Court finds that the state court's decision was not contrary to clearly established federal law.

### IV.  Conclusion

For the reasons stated above, the habeas corpus application will be denied.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Mr. Ciarcia files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed with prejudice.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this 4th day of February, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge